UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------X

JPS ELASTOMERICS CORP.,

                    Plaintiff,

   -against-

MATTEL, INC.,

                    Defendant.

-------------------------------------------------------------X

Docket No. 04 11816 RWZ

COMPLAINT FOR
INJUNCTIVE RELIEF

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE 8/19/04

MAGISTRATE JUDGE _____

The plaintiff, JPS Elastomerics Corp. ("JPS"), by its attorneys, Powers, DiCicco & Sahagian and Goetz Fitzpatrick, LLP, asserts as follows:

## THE PARTIES

1.    JPS is a Delaware corporation with its principal place of business at Nine Sullivan Road, Holyoke, MA 01040.

2.    Defendant Mattel, Inc. ("Mattel"), upon information and belief, is a foreign corporation with its principal place of business 333 Continental Boulevard, El Segundo, California 90245.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction by virtue of 28 U.S.C. § 1332 and personal jurisdiction over the defendant in light of its prior agreement to arbitrate disputes in Boston, Massachusetts.

4. This Court has venue over the parties' dispute by virtue of 9 U.S.C. § 4.

## FIRST COUNT
### (TO COMPEL ARBITRATION IN BOSTON AND FOR OTHER INJUNCTIVE RELIEF)

5. JPS is a manufacturer of roof membranes known as "Stevens Roofing Systems".

6. Mattel is the owner of a distribution facility ("facility") in Murray, Kentucky wherein JPS' roofing membrane was installed by one or more independent roofing contractors.

7. Subsequent to the installation of the roofing membrane at the facility, in a written warranty agreement signed by both JPS and Mattel in 1999, it was agreed that they would arbitrate any disputes involving the facility at the offices of the American Arbitration Association ("AAA") in Boston, Massachusetts. (See paragraph "12" of Exhibit "A" hereto.)

8. The warranty agreement also provided that the remedies set forth in the agreement constituted Mattel's exclusive remedies.

9. In October 2003, Mattel demanded arbitration against JPS alleging breach of warranty in connection with the roof membrane at the facility by filing a proceeding at the AAA's Los Angeles, California office.

10. JPS filed an appearance in the arbitration and reserved its right to have the arbitration transferred to Boston, Massachusetts as required by the parties' prior agreement.

11. Mattel refuses to arbitrate against JPS in Boston, Massachusetts.

12. Recently, the AAA disregarded the parties' Boston, Massachusetts forum-selection clause and instead directed JPS to arbitrate in Louisville, Kentucky.

13. In so doing, the AAA abused its discretion and abrogated the parties' previously agreed to forum-selection clause.

14. By reason of the foregoing, JPS is entitled to a judgment compelling Mattel to arbitrate in Boston, Massachusetts.

14. JPS has no adequate remedy at law.

**WHEREFORE**, JPS demands that this Court:

1. Enter a temporary restraining order prohibiting the defendant Mattel from selecting arbitrators and from proceeding to arbitration in Kentucky.

2. Grant a preliminary injunction prohibiting the defendant Mattel from selecting arbitrators and from proceeding to arbitration in Kentucky.

3. Enter an order requiring the defendant Mattel to arbitrate the matter at the Boston office of the AAA; and

4. Award costs, interest and such other and further relief as the Court may deem just and proper.

Dated: August 19, 2004

The plaintiff
By Its Attorneys
Powers, DiCicco & Sahagian

By: _____
David DiCicco

By: _____
Gerard Powers

Lynnfield Woods Office Park
210 Broadway, Suite 104
Lynnfield, MA 01940
(781) 593-7400
Attorneys for Plaintiff


Goetz Fitzpatrick, LLP


By: _____
Neal M. Eiseman
55 Harristown Road
Glen Rock, New Jersey 07452
(201) 612-4444
Attorneys for Plaintiff